JUDGE OETKEN

GERALD ALLEN   [GA-0950]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York  10018
212-766-3366

# 14 CV   8547



RECEIVED
OCT 2 7 2014
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

MARY CHEEKS, LEXICIA CHEEKS,
and JON GUNTER,

Plaintiffs,

- against -

CITY OF NEW YORK,
SERGEANT DANIEL GUERRA, SHIELD
UNKNOWN,
DETECTIVE ROBERT SIMMS, SHIELD UNKNOWN,
and DETECTIVE JESSICA ALVARADO, SHIELD UNKNOWN,

Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFFS
DEMAND A
TRIAL BY JURY**

**ECF CASE**

### PARTIES, JURISDICTION and VENUE

1.    Plaintiff, MARY CHEEKS, is a 39 year old African American female, who, at all

times relevant to this action, was a resident of New York, Bronx County.

2.    Plaintiff, LEXICIA CHEEKS, is a 21 year old African American female, who, at all

times relevant to this action, was a resident of New York, Bronx County.

3.    Plaintiff, JON GUNTER, is a 36 year old African American male, who, at all times

relevant to this action was a resident of New York, Bronx County.

4.    Defendant, City of New York, ("NYC"), is a municipality within the State of New

York, which includes Bronx County.  NYC maintains a police department, the New York

1

City Police Department ("NYPD"), which is an agency of the municipality.

5.     Upon information and belief, Defendant SERGEANT DANIEL GUERRA, SHIELD UNKNOWN, was at all relevant times an officer and supervisor with the NYPD believed to be assigned to the Bronx Narcotic's Unit.  All actions by GUERRA complained of herein were taken in the course of his employment and under color of law.  GUERRA is being sued in both his individual and official capacities.

6.     Upon information and belief, Defendant DETECTIVE ROBERT SIMMS, SHIELD UNKNOWN, was at all relevant times an officer with the NYPD believed to be assigned to the Bronx Narcotic's Unit.  All actions by SIMMS complained of herein were taken in the course of his employment and under color of law.  SIMMS is being sued in both his individual and official capacities.

7.     Upon information and belief, Defendant DETECTIVE JESSICA ALVARADO, SHIELD UNKNOWN, was at all relevant times an officer with the NYPD believed to be assigned to the Bronx Narcotic's Unit.  All actions by ALVARADO complained of herein were taken in the course of her employment and under color of law.  ALVARADO is being sued in both her individual and official capacities.

8.     Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. § 1343.

9.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

10.   Notices of Claim were timely served upon NYC on October 11, 2013, within ninety days of August 7, 2013, the statutory date of accrual for the State claims herein. This action is being commenced within one year and ninety days of the date of the accrual of the causes of action.

## FACTS GIVING RISE TO THE CLAIMS

11.   On August 7, 2013, at approximately 6:00 a.m., PLAINTIFFS were all inside the apartment that they share, which is located at 592 Oak Terrace, Apartment 5c, Bronx New York. In addition, the infant child of MARY CHEEKS and JON GUNTER was inside the apartment at that time.

12.   All PLAINTIFFS had resided at that location for many years and none had any criminal record.

13.   At that time, MARY CHEEKS, who was asleep on the living room couch, awoke to DEFENDANTS and other plain-clothed police officers breaking down and storming through her front door and into her living room, pointing their weapons, and pulling her from the couch to a chair. She was then placed in handcuffs.

14.   Shortly thereafter, Plaintiffs LEXICIA CHEEKS and JON GUNTER, each of whom was asleep in their respective bedrooms, awoke to find DEFENDANTS and other police officers pointing weapons at them and yelling for them to get out of bed. Each of those PLAINTIFFS was then placed in handcuffs and brought into the living room.

15.   DEFENDANTS and the other officers told PLAINTIFFS that they had entered the apartment pursuant to a search warrant.  No such warrant was shown to any of PLAINTIFFS, despite the repeated requests by PLAINTIFFS MARY CHEEKS and JON GUNTER.

16.   Each PLAINTIFF was restrained in handcuffs for a number of hours as DEFENDANTS and the other officers ransacked the apartment. At some point a drug

3

dog was brought into the apartment, and, after a thorough examination of the location, it did not alert DEFENDANTS to the presence of any drugs.  No contraband of any kind was found in the apartment.

17. Shortly after use of the drug dog met with a negative result, DEFENDANTS and the other officers removed the handcuffs from PLAINTIFFS and simply left the location, without explanation or apology.

18.  None of the PLAINTIFFS was charged with any crime or offense.

19.  Upon information and belief, if any such search warrant existed it permitted the search of a different premises than that of PLAINTIFFS, or it had been unlawfully obtained.

20.  Each of the PLAINTIFFS suffered from depression, fear of police, and emotional stress as a direct result of the incident.

## FIRST CLAIM
### (§1983 - FALSE ARREST)

21.  Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 20 of the Complaint as if incorporated and reiterated herein.

22.  By arresting Plaintiffs without legal authority, Defendants GUERRA, SIMMS and ALVARADO, individually and acting together, violated Plaintiffs' rights under the , Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

23.  By reason thereof, Defendants GUERRA, SIMMS and ALVARADO, violated 42 U.S.C. §1983 and caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

4

## SECOND CLAIM
### (COMMON LAW - FALSE ARREST)

24.  Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 23 of the Complaint as if incorporated and reiterated herein.

25.  By arresting Plaintiffs without basis, probable cause  or other legal authority, Defendants GUERRA, SIMMS and ALVARADO, individually and acting together, violated Plaintiffs' right to  be free of unlawful detention and arrest.

26.  By reason thereof, GUERRA, SIMMS and ALVARADO caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

27.  By reason thereof, and because GUERRA, SIMMS and ALVARADO acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## THIRD CLAIM
### (§1983 - UNCONSTITUTIONAL ENTRY AND SEARCH)

28.  Pursuant to Rule 10(c), Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 27 of the Complaint as if incorporated and reiterated herein.

29.  By entering the Plaintiffs' home without basis or legal authority, Plaintiffs were subject to unlawful intrusions and searches without probable cause by GUERRA, SIMMS and ALVARADO.

30.  By reason thereof, GUERRA, SIMMS and ALVARADO caused Plaintiffs to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of their constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants as follows:

i)      On the first claim, actual and punitive damages in an amount to be determined at trial;

ii)     On the second claim, actual and punitive damages in an amount to be determined at trial;

iii)    On the third claim, actual and punitive damages in an amount to be determined at trial;

iv)     Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

v)      Such other relief as the Court deems just and proper.

Dated:      New York, New York
            October 14, 2014

                        Goldberg & Allen, LLP
                        Attorneys for Plaintiff

            By:     _____10/21/14_____

                        Gerald Allen [GA-0950]
                        49 West 37th Street, 7th Floor
                        New York, New York 10018
                        (212) 766-3366

6

JS 44C/SDNY
REV. 4/2014

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Mary Cheeks, Lexicia Cheeks and Jon Gunter | City of New York, Sgt. Daniel Guerra, Det. Robert Simmns. and Det. Jessica Alvarado |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Goldberg & Allen LLP<br>49 West 37th Street, 7th floor<br>New York New York 10018 | Corporation Counsel<br>100 Church Street<br>New York New York 10007 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Civil Rights Section 1983 and related state law claims

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [x] Yes[ ] Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?     No [ ]     Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

**TORTS**                                                          **ACTIONS UNDER STATUTES**

**CONTRACT**

| | | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|---|
| [ ] 110 | INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120 | MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | | | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 130 | MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 140 | NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | | [ ] 430 BANKS & BANKING |
| [ ] 150 | RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | | | PROPERTY RIGHTS | [ ] 450 COMMERCE |
| | | [ ] 345 MARINE PRODUCT LIABILITY | **PERSONAL PROPERTY** | | [ ] 820 COPYRIGHTS | [ ] 460 DEPORTATION |
| [ ] 151 | MEDICARE ACT | [ ] 350 MOTOR VEHICLE | [ ] 370 OTHER FRAUD | | [ ] 830 PATENT | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT |
| [ ] 152 | RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 371 TRUTH IN LENDING | | [ ] 840 TRADEMARK | ORGANIZATION ACT (RICO) |
| | | [ ] 360 OTHER PERSONAL INJURY | | LABOR | SOCIAL SECURITY | [ ] 480 CONSUMER CREDIT |
| [ ] 153 | RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 861 HIA (1395ff) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 160 | STOCKHOLDERS SUITS | | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 720 LABOR/MGMT RELATIONS | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190 | OTHER CONTRACT | | **PRISONER PETITIONS** | [ ] 740 RAILWAY LABOR ACT | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 195 | CONTRACT PRODUCT LIABILITY | | [ ] 463 ALIEN DETAINEE | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | [ ] 864 SSID TITLE XVI | |
| | | **ACTIONS UNDER STATUTES** | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | | [ ] 865 RSI (405(g)) | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 | FRANCHISE | **CIVIL RIGHTS** | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR LITIGATION | | [ ] 891 AGRICULTURAL ACTS |
| | | [x] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 535 DEATH PENALTY | [ ] 791 EMPL RET INC SECURITY ACT | FEDERAL TAX SUITS | |
| | | | [ ] 540 MANDAMUS & OTHER | | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 893 ENVIRONMENTAL MATTERS |
| **REAL PROPERTY** | | [ ] 441 VOTING | | | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210 | LAND CONDEMNATION | [ ] 442 EMPLOYMENT | **PRISONER CIVIL RIGHTS** | IMMIGRATION | | [ ] 896 ARBITRATION |
| [ ] 220 | FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OF |
| [ ] 230 | RENT LEASE & EJECTMENT | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION ACTIONS | | APPEAL OF AGENCY DECISIO |
| [ ] 240 | TORTS TO LAND | | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | | | [ ] 950 CONSTITUTIONALITY C STATE STATUTES |
| [ ] 245 | TORT PRODUCT LIABILITY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | | | | |
| [ ] 290 | ALL OTHER REAL PROPERTY | [ ] 448 EDUCATION | | | | |

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____ OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

[x] 1 Original Proceeding

[ ] 2 Removed from State Court

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 3 Remanded from Appellate Court

[ ] 4 Reinstated or Reopened

[ ] 5 Transferred from (Specify District)

[ ] 6 Multidistrict Litigation

[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE   SIGNATURE OF ATTORNEY OF RECORD   10/27/14

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. Dec   Yr. 1985  )
Attorney Bar Code # GA-0950

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)